**Ranjit Singh DHILLON, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73655.

Agency No. A77–374–693.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 9, 2005.

Before WALLACE, RAWLINSON, and BYBEE, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Dhillon petitions for review of the Board of Immigration Appeals' (Board) order affirming an immigration judge's (IJ) denial of his applications for asylum, withholding of removal, and relief pursuant to the United Nations Convention Against Torture (CAT). Because the Board affirmed the IJ's decision without opinion, we review the IJ's decision. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We deny the petition.

"The IJ's adverse credibility determination is reviewed for substantial evidence. The IJ's decision may be reversed only if the evidence presented was so compelling that no reasonable factfinder could find that the petitioner was not credible." *Shire v. Ashcroft,* 388 F.3d 1288, 1295 (9th Cir.2004) (citation omitted). "An adverse credibility ruling will be upheld so long as identified inconsistencies go to the 'heart of [the] asylum claim.'" *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), *quoting Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir.2002).

Substantial evidence supported the IJ's adverse credibility determination. The IJ identified numerous inconsistent, implausible, or vague aspects of Dhillon's testimony, such as his inability to state with any specificity the goals of the organization he was allegedly persecuted for supporting, and the lack of any explanation of why he, a self-admitted low-level member of the political party, would be singled out for persecution when other similarly situated individuals were not. The IJ also identified material inconsistencies between Dhillon's testimony and certain supporting materials submitted with his application, such as differences between Dhillon's and his father's accounts of Dhillon's arrests.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

These inconsistencies go to the heart of Dhillon's claim that he was persecuted on account of his political opinion. "So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [Dhillon's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003).

Because Dhillon failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Dhillon's claim pursuant to the CAT also fails because he did not show that it was "more likely than not" that he would be tortured if he returned to India. *See* 8 C.F.R. § 208.16(c)(2); *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

PETITION FOR REVIEW DENIED.