**Ranjit Singh DHILLON, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–70152.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*** This appeal was originally the subject of a dispositive order filed May 11, 2009. On

Submitted Nov. 5, 2009.*

Filed Nov. 9, 2009.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, William C. Erb, Jr., Esq., Margot L. Nadel, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, RYMER and McKEOWN, Circuit Judges.

### MEMORANDUM **

Ranjit Singh Dhillon, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen proceedings due to ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review *de novo* ineffective assistance of counsel claims. *See Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Dhillon's motion to reopen. The motion was filed out of time, and the BIA determined that even if the deadline were tolled, the motion should be denied because Dhillon was not prejudiced by his former counsel's failure to present corroborating medical evidence. *See Iturribarria v. INS,* 321 F.3d 889, 899–900 (9th Cir.2003) (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel's performance was so inadequate that it may have affected the proceeding's outcome). In certain circumstances an immigration judge's (IJ) credibility determination could be impacted by the addition of corroborating evidence. Here, however, the IJ denied Dhillon's application largely because he did not find Dhillon's testimony that he was a member of a persecuted political group, or

withdraw the May 11, 2009 order; and deny the petition for rehearing en banc as moot.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that he was targeted by the police based on his association with that group, credible. We affirmed the IJ's decision on this basis. *Dhillon v. Ashcroft,* 121 Fed.Appx. 255, 256 (9th Cir.2005). The proffered medical evidence might corroborate torture, but does not enhance Dhillon's credibility on the issue of whether he was persecuted on account of his political opinion.

Dhillon fails to show a due process violation based on ineffective assistance of counsel because he has failed to demonstrate prejudice. Therefore, the BIA did not abuse its discretion in denying Dhillon's petition to reopen.

**PETITION FOR REVIEW DENIED.**